# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
AUG 2 1 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

MARCUS P. DUNLAP, )
 )
 Plaintiff, )
 )
v. ) No. CIV 07-380-RAW-SPS
 )
JUSTIN JONES et al., )
 )
 Defendants. )

## OPINION AND ORDER

This action is before the court on Defendants Jones and Sirmons' motion to dismiss or for summary judgment. Plaintiff, a former inmate of the Oklahoma Department of Corrections (DOC), brings this action under the authority of 42 U.S.C. § 1983 seeking relief for alleged constitutional violations during his incarceration at Lawton Correctional Facility (LCF) in Lawton, Oklahoma, and Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are DOC Director Justin Jones, LCF Deputy Warden Larry Rollins, and OSP Warden Marty Sirmons.[1]

Plaintiff alleges that on March 7, 2006, he received a memorandum from Mr. William Hoots, LCF Assistant Records Supervisor, stating that an audit of plaintiff's records

---

[1] To the extent the Defendants Justin Jones and Marty Sirmons are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

indicated that in December 2003 he had improperly been placed at Earned Credit Level 3. Plaintiff actually was not eligible for Earned Credit Level 3 or 4 until June 1, 2004, because of his active program failure on May 5, 2002. The audit resulted in the removal of 183 earned credits from plaintiff's file, with a new projected rebill date of May 4, 2006. Plaintiff claims he requested a copy of the alleged program failure from his file, and it had a notation dated December 10, 2002, from Jess Dunn Correctional Center stating there was no program failure, and plaintiff was back in the program. The OSP case manager would not correct Mr. Hoots' alleged error in plaintiff's earned credit calculation, but Janice Hendricks at OSP did correct the mistake on June 12, 2006. Plaintiff claims Ms. Hendricks' calculations, however, also were incorrect, causing him to rebill on January 16, 2007, instead of the correct date of March 3, 2006. Plaintiff's subsequent attempts to correct his rebill date were unsuccessful.

Plaintiff next asserts that on January 16, 2007, while incarcerated at LCF, he was attempting to go to the medical unit, when Inmate George R. Yandle appeared and assaulted Correctional Officers Cole and Reed. The two officers ran through the crash gate and left plaintiff with Inmate Yandle, who was carrying a homemade knife. Approximately five or ten minutes later, Lieutenant Butler came back through the crash gate and shot plaintiff in the face with some type of gas, when plaintiff had not been involved in the assault. Inmate Yandle was not sprayed with the gas, and several officers yelled at Butler that he had gassed the wrong inmate. Plaintiff contends Butler was responsible for plaintiff's subsequent misconduct for Possession/Manufacture of Contraband, in an attempt to justify his mistake in spraying the wrong person.

Plaintiff claims that at his disciplinary hearing at LCF he was denied the right to confront his accusers and to review all the evidence, including a videotape of the incident and

a statement from the officer involved, and he was found guilty of the misconduct without any evidence. The deputy warden ordered a rehearing, which was held after his transfer to OSP, but plaintiff was found guilty again, despite overwhelming evidence of his innocence. Plaintiff asserts he attempted to appeal the misconduct, but the defendants returned the appeal as improper. Plaintiff requested a copy of the Disciplinary Hearing Report, but it took three months for plaintiff to receive and sign the report. Plaintiff then filed a second appeal, claiming DOC had violated its own procedures for taking away earned credits. The second appeal was denied as untimely, so plaintiff requested a special report. Cathy D. Wilkerson, DOC Specialist, sent plaintiff a sworn affidavit concerning the misconduct, along with a copy of plaintiff's sanctions for the offense. Plaintiff claims the document he received had been falsified, in an attempt to prevent him from returning to LCF and to deny him 365 earned credits.

Plaintiff also alleges that on January 23, 2006, the defendants at LCF conspired to falsify documents by showing plaintiff's DOC number as belonging to Inmate Yandle, resulting in plaintiff's transfer to maximum security at OSP. The transfer papers allegedly were filed before plaintiff received a copy of the misconduct, and the paperwork falsely stated he was violent.

Plaintiff further asserts that on March 13, 2006, he was charged with the felony of Possession of Contraband by an Inmate, in violation of Okla. Stat. tit. 57, § 21(B), in Comanche County District Court Case No. CF-2006-115, based on his alleged possession of a weapon made from a toenail clipper at LCF on January 16, 2006. Conviction could have resulted in a 20-year sentence. Sergeant Kevin Jones, who wrote the misconduct for Possession/Manufacture of Contraband allegedly lied in his testimony at the state district

3

court preliminary hearing. Plaintiff was able to present a statement from Officer Cole, who witnessed the assault by Inmate Yandle, and the court dismissed the state charges against plaintiff. On June 6, 2006, Inmate Yandle allegedly entered a guilty plea to state charges of Assault and Battery and to Possession of Contraband.

Defendants Jones and Sirmons have filed a motion to dismiss or for summary judgment [Docket #14], alleging plaintiff's proper remedy concerning his earned credits and alleged unlawful custody is a habeas corpus action, pursuant to 28 U.S.C. § 2241, and plaintiff has not exhausted his remedies for the other claims presented in this lawsuit. Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Their initial burden is to show the absence of evidence to support plaintiff's case. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The defendants must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which establish the absence of any genuine issue of material fact. *Id.* Plaintiff, as the nonmoving party, must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

To the extent plaintiff requests equitable relief in the form of earlier release from confinement, a § 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).

Even if the court construes plaintiff's complaint as a request for habeas corpus relief,

4

"[a] threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

An Oklahoma inmate who is entitled to immediate release may file a state petition for a writ of habeas corpus, pursuant to Okla. Stat. tit. 12, § 1331, and he has the right to appeal to the Oklahoma courts under the Post-Conviction Procedure Act, when he alleges "that his sentence has expired, . . . or he is otherwise unlawfully held in custody or other restraint," Okla. Stat. tit. 22, § 1080(e). The record shows that on January 24, 2006, plaintiff was issued a Misconduct Report for the offense of Possession/Manufacture of Contraband, after Sgt. Jones conducted a pat search of him on January 16, 2006, and found a homemade knife in the left leg of his pants. Plaintiff was found guilty at his February 28, 2006, disciplinary hearing, and again at his rehearing on May 26, 2006. He filed an improper misconduct appeal on August 16, 2006, and was advised he had ten days to file a proper appeal. According to an affidavit by Debbie Morton, Manager of the DOC Administrative Review Unit, plaintiff did not submit a proper appeal of the misconduct. On March 1, 2007, he filed a state petition for a writ of mandamus, which apparently was construed as a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, challenging the misconduct conviction. *Dunlap v. Okla. Dep't of Corr.*, No. CJ-07-1818 (Okla. County Dist. Ct. Apr. 26, 2007); Docket #16. The state district court denied the petition for failure to exhaust administrative remedies.

5

*Dunlap*, slip op. at 1.

With respect to plaintiff's other claims, Debbie Morton has submitted a second affidavit stating she researched the DOC grievance records. To the best of her knowledge, plaintiff has not filed a grievance concerning his transfer to OSP, his prosecution in Comanche County District Court, or his being incarcerated after expiration of his sentence.

The court has carefully reviewed the record and construed plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Even under this liberal construction, however, the court finds plaintiff has failed to show there is a genuine issue for trial, pursuant to Fed. R. Civ. P. 56(e).

**ACCORDINGLY,** Defendants Justin Jones and Marty Sirmons' motion for summary judgment [Docket #14] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative and state court remedies. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 21st day of August 2008.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**